Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Liaison Counsel for Movant Nikola Investor
Group*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       v.<br><br>Nikola Corporation; Trevor R. Milton; Steve Girsky; Steve Shindler; Mark A. Russell; and Kim J. Brady,<br><br>       Defendants. | Case No. CV-20-01797-PHX-SPL<br><br>Hon. Steven P. Logan<br><br>**MOTION OF THE NIKOLA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| John L. Wojichowski, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>Nikola Corporation, Trevor Milton, Mark A. Russell, and Kim J. Brady,<br><br>       Defendants. | Case No. CV-20-01819-PHX-DLR |

| | |
|---|---|
| Albert Holzmacher; Michael Wood; and Tate Wood, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>Nikola Corporation; Trevor R. Milton; Mark A. Russell; Kim J. Brady; Stephen J. Girsky; and Steven M. Shindler,<br><br>       Defendants. | Case No. CV-20-02123-PHX-JJT |
| William Eves, individually and on behalf of all others similarly situated,<br><br>  Plaintiff<br><br>  vs.<br><br>Nikola Corporation, Trevor R. Milton, Mark A. Russell, and Kim Brady,<br><br>  Defendants. | Case No. CV-20-02168-PHX-DLR |

# TABLE OF CONTENTS

MOTION ........................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 3

I.      PRELIMINARY STATEMENT ........................................................................ 3

II.     STATEMENT OF FACTS ................................................................................. 4

III.    ARGUMENT ..................................................................................................... 7

       A.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR
            ALL PURPOSES ................................................................................... 7

       B.      THE COURT SHOULD APPOINT THE NIKOLA INVESTOR GROUP
            AS LEAD PLAINTIFF ......................................................................... 9

            1.     The Nikola Investor Group Is Willing to Serve as Class Representative . 10

            2.     The Nikola Investor Group Has the "Largest Financial Interest" ........... 10

            3.     The Nikola Investor Group Otherwise Satisfies the Requirements of Rule
                23 of the Federal Rules of Civil Procedure ............................................. 12

            4.     The Nikola Investor Group Will Fairly and Adequately Represent the
                Interests of the Class and Is Not Subject to Unique Defenses.................. 15

       C.      THE COURT SHOULD APPROVE LEAD PLAINTIFF'S SELECTION OF
            COUNSEL............................................................................................ 16

IV.     CONCLUSION ................................................................................................ 17

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Amchem Prods., Inc. v. Windsor*,

5
   521 U.S. 591 (1997) ...................................................................................... 14

6

*Baby Neal v. Casey*,

7
   43 F.3d 48 (3d Cir. 1994) ............................................................................. 13

8

*BAE Sys. Mobility & Protection Sys., Inc. v. ArmorWorks Enters., LLC*,

9
   No. CV08-1697-PHX-JAT, 2009 WL 995862 (D. Ariz. Apr. 13, 2009) ............................ 7

*Barnet v. Elan Corp., PLC*,

10
   236 F.R.D. 158 (S.D.N.Y. 2005) ................................................................... 15

11

*Borenstein v. Finova Group*, No. CIV 00-619-PHX-SMM, No. CIV 00-926-PHX-PGR,

12
   No. CIV 00-978-PHX-SMM, No. CIV 00-1010-PHX-EHC, No. CIV 00-1100-PHX-

13
   ROS, 2000 U.S. Dist. LEXIS 14732 (D. Ariz. Aug. 30, 2000) ...................................... 7

14

*Briggs v. Adel*, No. CV-18-02684-PHX-EJM,

15
   2020 WL 4003123 (D. Ariz. July 14, 2020) .................................................... 13

16

*Bruce v. Suntech Power Holdings Co., Ltd*., No. CV 12-04061 RS,

17
   2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ................................................... 11

*Doherty v. Pivotal Software, Inc*., No. 3:19-cv-03589-CRB,

18
   2019 WL 5864581 (N.D. Cal. Nov. 08, 2019) ................................................... 11

19

*Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA,

20
   2019 WL 2372447 (N.D. Cal. June 06, 2019) ................................................... 13

21

*Ferrari v. Gisch*,

22
   225 F.R.D. 599 (C.D. Cal. 2004) ................................................................. 14

23

*Ferreira v. Funko, Inc*., No. 20-cv-2319,

24
   2020 WL 3246328 (C.D. Cal. June 11, 2020) .............................................. 14, 15

25

*Hall v. Medicis Pharm. Corp*., No. CV-08-1821-PHX-GMS; No. CV-08-1870-PHX-DKD;

26
   No. CV-08-1964-PHX-JAT,
   2009 U.S. Dist. LEXIS 24093 (D. Ariz. March 10, 2009) .......................... 7, 8, 12

27

*Hamilton Mortg. Co. v. Carteret Mortg. Corp*., No. CV–06–3090–PHX–SMM,

28
   2007 WL 1655949 (D. Ariz. June 06, 2007) ................................................. 7, 8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)....................................................14

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...........................................................................12

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d. Cir. 2001) ...........................................................................15

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ....................................11

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ......................................8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) ..............................................................11, 12

*Johnson v. OCZ Tech. Grp., Inc.*, No. 12-cv-5265,
   2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ...................................................14, 15

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015)............................................................11

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).....................................11

*Newton-Nations v. Rogers*,
   221 F.R.D. 509 (D. Ariz. 2004) .......................................................................14

*Osher v. Guess?, Inc.*, No. CV 01-00871,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001)....................................16

*Richards v. TVIA, Inc.*, C-06-06304 RMW, No. C-06-07307 RMW,
   2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)..................................................11

*Smilovits v. First Solar, Inc.*, No. 12-cv-555,
   2012 WL 3002513 (D. Ariz. July 23, 2012) ........................................12, 14, 15

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, No. 2:06-CV-2674-
   PHX-RCB, 2007 WL 2692217 (D. Ariz. Sept. 10, 2007) ..................................14

*Tsirekidze v. Syntax-Brillian Corp.*, No. CV–07–2204–PHX–FJM,
   No. CV–07–2454–PHX–ROS, No. CV–07–2524–PHX–ROS,
   No. CV–07–2525–PHX–SRB, 2008 WL 942273 (D. Ariz. Apr. 04, 2008)....................7, 12

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................ 14

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ........................................................................ 13

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ........................................................................ 9

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................ 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................ 3, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................ 11

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II) ........................................................................ 16

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................ 16

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................ 14, 16

## **Rules**

Federal Rules of Civil Procedure Rule 23 ........................................................ *passim*

Federal Rules of Civil Procedure Rule 42 ........................................................ 1, 7

**MOTION**

George Mersho, Vincent (Vi Kinh) Chau, and Stanley Karcynski (collectively, the "Nikola Investor Group"), by and through their counsel, will and do hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995, and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Nikola Investor Group as Lead Plaintiff on behalf of a class consisting of all persons other than the above-captioned defendants who purchased or otherwise acquired Nikola Corporation f/k/a VectoIQ ("Nikola" or the "Company") securities between March 3, 2020 and October 15, 2020, both dates inclusive (the "Class Period")[1]; and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Block & Leviton LLP ("Block & Leviton") as Co-Lead Counsel for the Class.  In support of this motion, the Nikola Investor Group submits a Memorandum of Points and Authorities, the Declaration of Jeremy Lieberman submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that the Nikola Investor Group is the most adequate plaintiff, as defined by the PSLRA, based on its loss of approximately $6,010,333, which was

---

[1] The amended complaint filed in the first of the above-captioned actions (the "Action"), filed in this Court on September 21, 2020, alleges a class period that only includes purchasers or acquirers of Nikola securities between  March 3, 2020 and September 20, 2020, inclusive.  On November 3, 2020, the related action styled *Holzmacher et al v. Nikola Corporation et al*, No. 2:20-cv-02123 (D. Ariz. Nov 03, 2020) (the "Holzmacher Action") was also filed in this Court, alleging substantially the same wrongdoing against overlapping defendants, and with a larger class period including all purchasers or acquirers of Nikola securities between March 3, 2020 and October 15, 2020, inclusive.  Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the Holzmacher Action.

suffered as a result of Defendants' wrongful conduct as alleged in the above-referenced actions. Further, the Nikola Investor Group satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the class.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

The Related Actions are brought on behalf of all persons and entities that purchased or otherwise acquired Nikola securities during the Class Period.  Each of the Related Actions raises substantially similar allegations: Defendants violated the federal securities laws by issuing false and misleading statements.  Accordingly, consolidation of the Related Actions is appropriate.  As of the date of the filing of this motion, two actions other than the Related Actions have been filed against Nikola, alleging substantially the same wrongdoing against overlapping defendants, styled *Salem v. Nikola Corporation et al*, No. 2:20-cv-04354 (E.D.N.Y. Sep 16, 2020) (the "Salem Action") and *Douglas Malo v. Nikola Corporation, et al*, No. 5:20-cv-02168 (C.D. Cal. Oct 16, 2020) (the "Malo Action").

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   The Nikola Investor Group, with losses of approximately $6,010,333 in connection with its purchases of Nikola securities, has the largest financial interest in the relief sought in the Related Actions to its knowledge.  *See* Declaration of Jeremy Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.  The Nikola Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because it is an adequate representative with claims typical of the other Class members.  Accordingly, the Nikola Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.    STATEMENT OF FACTS

As alleged in the Complaint filed in the Holzmacher Action (the action with the most inclusive class period), Dkt. No. 1, VectoIQ was created in 2018 as a Special Purpose Acquisition Vehicle ("SPAC"), or "blank check" company, by former General Motors Company ("GM") Vice Chairman Stephen Girsky for the purpose of effectuating a transaction in the transportation or smart mobility industries.  *See* ❡ 2.  On March 3, 2020, VectoIQ announced its plan to merge with privately-held electric vehicle startup Nikola in a transaction valued at $3.3 billion.  *Id.*

The Business Combination was completed on June 3, 2020.  *Id.* ❡ 3.  After it became a public company, Nikola's stock price skyrocketed, particularly after Nikola announced on September 8, 2020 it had reached an agreement with GM to partner on an electric pickup truck called the "Badger."  *Id.*  However, just months after the transaction closed – and days after the announcement of the GM partnership – catastrophic doubts about Nikola's highly touted technology were raised in a report issued by analyst firm Hindenburg Research ("Hindenburg"). *Id.*  Among other things, Hindenburg exposed that:

(i) Nikola induced certain international auto companies, including GM, to enter into well-publicized partnerships based upon false information;

(ii) Nikola's claims (a) it had reduced the cost of hydrogen production by approximately eighty percent compared to its peers and (b) that it was already producing hydrogen on that basis were false;

(iii) the Company's advertisements concerning its vehicles' purported ability to function on their own power and use the Company's proprietary technology were fraudulent;

(iv) Nikola's promotional video, entitled "Nikola One in Motion," falsely portrayed its semi-truck cruising on a road at a high rate of speed, when the truck was actually being towed to the top of a hill on a remote stretch of highway and was simply filmed rolling down the hill;

(v) the Company's contentions regarding outstanding orders for its vehicles were materially overstated;

(vi) Nikola's assertion that it designs all key components in-house, rather than buying or licensing them from third parties, was false and misleading; and

(vii) Nikola's statements about the purported battery technology it planned to acquire from ZapGo Ltd. ("ZapGo") were knowingly misleading.

*Id.*

Following the publication of the Hindenberg report, Nikola's ***stock price dropped approximately 24%*** in just two days, costing investors ***over $4 billion***. *Id.* ¶ 4. Specifically, Nikola's stock price dropped from $42.37 per share on September 9, 2020 to $37.57 per share on September 10, 2020. *Id.* Nikola's stock continued to decline the following day as additional details concerning the alleged wrongdoing came to light, closing at $32.13 per share on September 11, 2020. *Id.*

In light of the claims by Hindenberg and other revelations, both the SEC and U.S. Department of Justice ("DOJ") initiated investigative probes into whether Nikola

5

misrepresented the progress it had made in developing key technology critical to its hydrogen powered vehicles.  *Id.* ¶ 5.

On September 15, 2020, Nikola responded to Hindenburg's report.  *Id.* ¶ 6.  Remarkably, Nikola **conceded** certain of the report's key allegations, including that the truck featured in the Company's "Nikola In Motion" promotional video was merely rolling down a hill and was not operating on its own power.  *Id.*

Days later, on September 20, 2020, reports revealed that Nikola's founder and executive chairman Trevor Milton was stepping down from his role effective immediately and that Defendant Girsky was replacing Milton as executive chairman.  *Id.* ¶ 7.  On the trading day following the announcement, September 21, 2020, ***Nikola's stock price closed down more than 19% from the previous day's close***.  *Id.*

Not surprisingly, Nikola's planned agreement with GM to collaborate on the Badger pick-up truck did not close at the end of September 2020 as expected, and reports indicated GM was seeking to renegotiate more favorable terms.  *Id.* ¶ 8.  On October 15, 2020 and October 16, 2020, Defendant Russell indicated in several interviews that Nikola's partnership with GM might fall through.  *Id.*  For example, Defendant Russell stated "[w]e have the ability and we have a base plan of doing it ourselves.  If we have a partner, that just enables us to consider going faster and helps reduce the risk . . . [w]e've proven that over the years that we are a partnership company when those things are available to us."  *Id.*  Following Russell's comments, Nikola's stock price fell approximately 16%, from $23.30 per share on October 15, 2020 to $19.55 per share on October 16, 2020.  *Id.*

## III.   ARGUMENT

### A.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Fourth), § 20.11 (2004).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *see also Hall v. Medicis Pharm. Corp*., No. CV-08-1821-PHX-GMS; No. CV-08-1870-PHX-DKD; No. CV-08-1964-PHX-JAT, 2009 U.S. Dist. LEXIS 24093, at *3 (D. Ariz. March 10, 2009); *BAE Sys. Mobility & Protection Sys., Inc. v. ArmorWorks Enters., LLC*, No. CV08-1697-PHX-JAT, 2009 WL 995862, at *1 (D. Ariz. Apr. 13, 2009); *Hamilton Mortg. Co. v. Carteret Mortg. Corp*., No. CV–06–3090–PHX–SMM, 2007 WL 1655949, at *1 (D. Ariz. June 06, 2007); *Borenstein v. Finova Group*, No. CIV 00-619-PHX-SMM, No. CIV 00-926-PHX-PGR, No. CIV 00-978-PHX-SMM, No. CIV 00-1010-PHX-EHC, No. CIV 00-1100-PHX-ROS, 2000 U.S. Dist. LEXIS 14732, at *9-10 (D. Ariz. Aug. 30, 2000).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See, e.g.*, *Tsirekidze v. Syntax-Brillian Corp*., No. CV–07–2204–PHX–FJM, No. CV–07–2454–

PHX–ROS, No. CV–07–2524–PHX–ROS, No. CV–07–2525–PHX–SRB, 2008 WL 942273, at *1 (D. Ariz. Apr. 04, 2008) ("The complaints in these four actions are nearly identical, and the minor differences in proposed class periods and named individual defendants are not obstacles to consolidation."); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law and fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Nikola's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Hall*, 2009 U.S. Dist. LEXIS 24093, at *4-5 (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *Hamilton Mortg.*, 2007 WL 1655949, at *1 ("Because both cases involve a common question of fact, judicial economy favors consolidation. Thus, the Court finds that litigating these cases before the same judge as a consolidated action will avoid unnecessary litigation costs and preserve judicial economy.").

## B. THE COURT SHOULD APPOINT THE NIKOLA INVESTOR GROUP AS LEAD PLAINTIFF

The Court should appoint the Nikola Investor Group as Lead Plaintiff because, to its knowledge, the Nikola Investor Group has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Nikola Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    The Nikola Investor Group Is Willing to Serve as Class Representative

On September 15, 2020, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Nikola securities that they had until November 16, 2020—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.[2]

The Nikola Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications signed by its members attesting that it is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. C.  Accordingly, the Nikola Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    The Nikola Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Nikola Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors

---

[2] Appended to Lieberman Decl., Ex. B is the press releases announcing the pendency of the Holzmacher Action.

articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[3]  The most critical among the *Lax* Factors is the approximate loss suffered.  *See, e.g.*, *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *5 (N.D. Cal. Nov. 08, 2019); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012); *Richards v. TVIA, Inc.*, C-06-06304 RMW, No. C-06-07307 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007).

During the Class Period, the Nikola Investor Group (1) purchased 630,000 shares of Nikola securities; (2) expended $28,577,535 on its purchases of Nikola securities; (3) retained 280,000 of its shares of Nikola securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $6,010,333 in connection with its purchases of Nikola securities.  *See* Lieberman Decl., Ex. A.  Because the Nikola Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

### 3.      The Nikola Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Smilovits v. First Solar, Inc.*, No. 12-cv-555, 2012 WL 3002513, at *3 (D. Ariz. July 23, 2012).  Moreover, "[o]nly two requirements of Rule 23, . . . 'typicality' and 'adequacy,' are relevant to the selection of lead plaintiff."  *Tsirekidze*, 2008 WL 942273, at *2 (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage.  *See Hall*, 2009 U.S. Dist. LEXIS 24093, at *7-8.

The typicality requirement of Rule 23(a)(3) is satisfied if the claims or defenses of the representative parties are typical of the claims or defenses of the class and "'the test of typicality is whether other members have the same or similar injury, whether the action is based

on conduct which is not unique to the named plaintiff[ ], and whether other class members have been injured by the same course of conduct.'" *Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA, 2019 WL 2372447, at *4 (N.D. Cal. June 06, 2019) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)).  In other words, "[a] named plaintiff must also prove that 'the claims or defenses of the [] representative parties are typical of the claims or defenses of the class.'" *Briggs v. Adel*, No. CV-18-02684-PHX-EJM, 2020 WL 4003123, at *6 (D. Ariz. July 14, 2020); *see also Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of the Nikola Investor Group are typical of those of the Class.  The Nikola Investor Group alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Nikola, or omitted to state material facts necessary to make the statements they did make not misleading.  The Nikola Investor Group, as did all members of the Class, purchased Nikola securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *See Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.,* No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217, at *6 (D. Ariz. Sept. 10, 2007) (quoting *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004)); *Newton-Nations v. Rogers*, 221 F.R.D. 509 (D. Ariz. 2004) (noting that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

The Nikola Investor Group is an adequate representative for the Class.  There is no evidence of antagonism or conflict between the Nikola Investor Group's interests and the interests of the Class, and the significant losses incurred by the Nikola Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation.  As set forth in greater detail below, in Pomerantz and Block & Leviton, the Nikola Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice of Pomerantz and Block & Leviton to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Nikola Investor Group constitutes an appropriate group of the type routinely appointed to serve as Lead Plaintiffs.  *See, e.g.*, *Smilovits*, 2012 WL 3002513, at *2; *Ferreira v. Funko, Inc.*, No. 20-cv-2319, 2020 WL 3246328, at *6-7 (C.D. Cal. June 11, 2020); *Johnson v. OCZ Tech. Grp., Inc.*, No. 12-cv-5265, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013); *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of

14

seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

The Nikola Investor Group likewise has demonstrated its adequacy because it is a small and cohesive group of three investors, who have submitted a Joint Declaration attesting to, *inter alia*, their participation in a conference call with one another prior to the filing of this motion, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.  Courts routinely appoint investor groups as lead plaintiff under such circumstances.  *See, e.g.*, *Smilovits*, 2012 WL 3002513, at *2; *Ferreira*, 2020 WL 3246328, at *6-7; *OCZ Tech*, 2013 WL 75774, at *3.

**4.    The Nikola Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing the Nikola Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of the Nikola Investor Group to fairly and adequately represent the Class has been discussed above.  The Nikola Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class.

## C.    THE COURT SHOULD APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Nikola Investor Group has selected Pomerantz and Block & Leviton as Co-Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Lieberman Decl., Ex. E.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat

16

Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

Block & Leviton LLP also has substantial experience in the prosecution of shareholder and securities class actions. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).  *See* Lieberman Decl. Ex. F.

As a result of Pomerantz's and Block & Leviton's extensive experience in litigation involving issues similar to those raised in the Related Actions, the Nikola Investor Group's counsel have the skill and knowledge which will enable them to prosecute the Related Actions effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the Nikola Investor Group, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, the Nikola Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Nikola Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz and Block & Leviton as Co-Lead Counsel for the Class.

Dated:  November 16, 2020

Respectfully submitted,

*/s/ Gary Gotto*
Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Liaison Counsel for Movant Nikola Investor Group*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Jacob A. Walker
Stephen Teti
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020
jeff@blockleviton.com
jake@blockleviton.com
steti@blockleviton.com

*Counsel for Movant Nikola Investor Group and Proposed Co-Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
David J. Schwartz
(*pro hac vice* application forthcoming)
Francis P. McConville
(*pro hac vice* application forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0800
Fax: (212) 883-7070
dschwartz@labaton.com
fmcconville@labaton.com

*Additional Counsel for Movant Nikola Investor Group*

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ Gary Gotto*
Gary Gotto