Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

Lubna Faruqi (*Pro hac vice* forthcoming)
Robert W. Killorin (*Pro hac vice* forthcoming)
James M. Wilson, Jr. (*Pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: nfaruqi@faruqilaw.com
        lfaruqi@faruqilaw.com
        rkillorin@faruqilaw.com
        jwilson@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*and [Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Borteanu, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Nikola Corporation; Trevor R. Milton; Steve Girsky; Steve Shindler; Mark A. Russell; and Kim J. Brady, <br><br> Defendants. | Case No. 2:20-cv-01797-SPL <br><br> **THE INVESTOR GROUP'S MOTION FOR AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL** |

*Captions continued on next page*

| | |
|---|---|
| John L. Wojichowski, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-01819-DLR |
| Plaintiff, | |
| v. | |
| Nikola Corporation, Trevor Milton, Mark A. Russell, and Kim J. Brady, | |
| Defendants. | |
| William Eves, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-02168-DLR |
| Plaintiff | |
| vs. | |
| Nikola Corporation, Trevor R. Milton, Mark A. Russell, and Kim Brady, | |
| Defendants | |
| Albert Holzmacher; Michael Wood; and Tate Wood, on behalf of themselves and all others similarly situated, | Case No.: 2:20-cv-02123-JJT |
| Plaintiffs, | |
| vs. | |
| Nikola Corporation; Trevor R. Milton; Mark A. Russell; Kim J. Brady; Stephen J. Girsky; and Steven M. Shindler, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that on a date and time as may be set by the Court, at the United States District Court for the District of Arizona, Theresa Grant Haun, Krishna Kusupudi, Nick Youn, and Alejandro Ramos (the "Investor Group"),[1] by and through the undersigned counsel, hereby respectfully moves this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) consolidating the above-captioned actions; (2) appointing the Investor Group as Lead Plaintiff in the above-captioned actions (the "Actions"); (3) approving its choice of Faruqi & Faruqi, LLP (the "Faruqi Firm") to serve as Lead Counsel and DeConcini McDonald Yetwin & Lacy, P.C. (the "DeConcini Firm") to serve as Liaison Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that the Investor Group is the most adequate lead plaintiff, including on the grounds that it has timely filed a motion to be appointed lead plaintiff and has the largest financial interest in the relief sought by the Class. Further, the Investor Group meets the requirements of Federal Rule of Civil Procedure 23 because its claims are typical of Class members' claims and it will fairly and adequately represent the Class. Finally, the Investor Group has selected and retained the Faruqi Firm, a law firm with substantial experience in prosecuting securities fraud class actions, to serve as Lead Counsel, and the DeConcini Firm, a well-respected Arizona law firm, to serve as Liaison Counsel.

This motion is based on the accompanying Memorandum of Points and Authorities, the Urman Declaration filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

---

[1]     The Investor Group's Joint Declaration is attached as Exhibit A to the Declaration of Gary F. Urman (the "Urman Decl.") filed herewith.  Unless stated otherwise, all "Ex. _" references are to the exhibits attached to the Urman Declaration.

1

Dated: November 16, 2020

By: /s/ Gary F. Urman
Gary F. Urman

**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 500
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585
Email: gurman@dmyl.com

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

I.      STATEMENT OF FACTS................................................................... 3

II.     ARGUMENT ..................................................................................... 5

        A.      The Related Actions Should Be Consolidated ................................... 5

        B.      The Investor Group Should Be Appointed To Lead The Class ......... 6

                1.      This Motion is Timely............................................................ 7

                2.      The Investor Group Has the Largest Financial Interest in the
                        Relief Sought by the Class ...................................................... 7

                3.      The Investor Group Otherwise Satisfies the Rule 23
                        Typicality and Adequacy Requirements ................................. 8

        C.      The Court Should Accept The Investor Group's Selection Of The
                Faruqi Firm As Lead Counsel And The DeConcini Firm As
                Liaison Counsel ................................................................................. 9

CONCLUSION .................................................................................................. 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ................................................................. 5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................. 5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ............................................................. 2, 6, 9

*In re Cohen*,
    586 F.3d 703 (9th Cir. 2009) ....................................................................... 9

*Eichenholtz v. Verifone Holdings, Inc.*,
    No. C 07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)............. 1

*Ferreria v. Funko, Inc.*,
    No. 2:20-cv-02319-VAP-PJWx,
    2020 WL 3246328 (C.D. Cal. June 11, 2020) ................................................. 1

*Fragala v. 500.com*,
    No. CV 15-01463 MMM (Ex),
    2015 WL 12513580 (C.D. Cal. July 7, 2015)................................................. 7

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC),
    2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................................ 5

*In re Gentiva Sec. Litig.*,
    281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................. 1

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..................................................................... 9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................... 5

*Kearney v. Hyundai Motor Am.*,
    No. SACV 09-1298-JST,
    2012 WL 13049699 (C.D. Cal. Dec. 17, 2012)............................................. 9

*Lloyd v. CVB Fin. Corp.*,
    No. CV 10-06256 MMM (PJWx),
    2011 WL 13128303 (C.D. Cal. Jan. 21, 2011) ............................................. 8, 9

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ............................................................. 5

*In re N. Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
    693 F.2d 847 (9th Cir. 1982) ............................................................. 9

*Pace v. Quintanilla*,
    No. SACV 14-2067-DOC,
    2014 WL 4180766 (C.D. Cal. Aug. 19, 2014)...................................... 8

*Reitan v. China Mobile Games & Entm't Grp.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) ............................................... 9

*Richardson v. TVIA, Inc.*,
    No. 06 06304 RMW,
    2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ................................. 7, 8

*Schriver v. Impac Mortg. Holdings, Inc.*,
    No. SACV 06-31 CJC (RNBx),
    2006 WL 6886020 (C.D. Cal. May 2, 2006) ...................................... 6

*Takara Trust v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005)...................................................... 8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ................................................... 5

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ......................................................... 9

**Statutes**

15 U.S.C. § 78u-4(a).................................................................*passim*

**Other Authorities**

Anne Cullen, *More Judges Are Demanding Diversity Among Class
    Counsel*, Law360 (July 16, 2020) ................................................. 12

Fed. R. Civ. P. 6(a)(1)(C) ........................................................... 7

Fed. R. Civ. P. 42(a) ................................................................. 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ralph Chapoco,
*Calls for Lawyer Diversity Spread to Complex Class Litigation*,
Bloomberg Law (July 30, 2020) ........................................................................ 12

Rule 23(a)(4) ........................................................................................ 9

iv

**INTRODUCTION**

These class action lawsuits were filed on behalf of those who purchased or otherwise acquired securities of Nikola Corporation ("Nikola") f/k/a VectoIQ Acquisition Corp. ("VectoIQ").[2] Each lawsuit seeks to recover damages caused by defendants' violations of the Exchange Act.

As an initial matter, the Court must decide whether to consolidate the Actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company and its officers.  As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated

---

[2]     The facts and claims of the actions are similar and the cases are related. The class periods overlap but the starting and ending periods differ. . *Borteanu v. Nikola Corporation, et al.*, No. 2:20-cv-01797-SPL, asserts a class period between March 3, 2020 and September 20, 2020. *Wojichowski v. Nikola Corporation, et al.*, No. 2:20-cv-01819-DLR, and *Eves v. Nikola Corporation, et al.*, No. 2:20-cv-02168-DLR, assert a class period between June 4, 2020 and September 9, 2020.  *Holzmacher v. Nikola Corporation, et al.,* 2:20-cv-02123-JJT, asserts a class period between March 3, 2020 and October 15, 2020. The following related actions are pending in other United States District Courts: *Salem v. Nikola Corporation, et al.*, No. 2:20-cv-04354-GRB-SIL (E.D.N.Y.), like the *Wojichowski* and *Salem* actions asserts a class period between June 4, 2020 and September 9, 2020; and *Malo v. Nikola Corporation, et al.*, No. 5:20-cv-02168-JWH-KK (C.D. Cal.) asserts a class period between June 4, 2020 and October 6, 2020. The *Holzmacher* action alleges the longest class period, March 3, 2020 to October 15, 2020. Based on the circumstances here, for the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper . . . ." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Ferreria v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n. 2 (C.D. Cal. June 11, 2020) (quoting *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) (finding the "use [of] the most inclusive class period" proper for the purpose of a lead plaintiff motion); "Consequently, at this stage, the court is wary of arguments advocating a shorter class period instead of the longest potential class period." *Eichenholtz v. Verifone Holdings, Inc.,* No. C 07-06140 MHP, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008).

1    With respect to the appointment of a Lead Plaintiff to oversee the Actions, Congress

2    established a presumption in the PSLRA that requires the Court to appoint the most

3    adequate plaintiff as the Lead Plaintiff for the action "[a]s soon as practicable . . . ." 15

4    U.S.C. §§ 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the largest

5    financial interest in the litigation and makes a showing that he satisfies the requirements of

6    Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. §

7    78u-4(a)(3)(B)(iii)(I)(BB); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

8    With total losses of $1,332,589.97, the Investor Group, to the best of counsels'

9    knowledge, has the largest financial interest in the litigation of any movant. The Investor

10   Group also satisfies Rule 23's typicality and adequacy requirements. The Investor Group's

11   claims are typical of the Class's claims because it suffered losses on its Nikola investments

12   as a result of defendants' false and misleading statements.  Further, the Investor Group has

13   no conflict with the Class and will adequately protect the Class's interests given its

14   significant financial stake in the litigation and its conduct to date in prosecuting the

15   litigation, its submission of the requisite PSLRA certification, and its selection of

16   experienced class counsel.  Accordingly, the Investor Group is the presumptive Lead

17   Plaintiff.

18   If appointed Lead Plaintiff, the Investor Group is entitled to select, subject to the

19   Court's approval, Lead Counsel to represent the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

20   The Investor Group has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an

21   appropriate selection to serve as Lead Counsel because the firm is highly experienced in

22   successfully prosecuting class actions and securities class actions.

23   For the reasons summarized above and those explained more fully below, the

24   Investor Group motion should be granted in its entirety.

25   If appointed Lead Plaintiff, the Investor Group's selection of the Faruqi Firm to

26   serve as Lead Counsel should be approved because the Faruqi Firm possesses extensive

27   experience prosecuting securities class actions and will adequately represent the interests of

28

2

all class members. Likewise, the DeConcini Firm is an appropriate selection to serve as Liaison Counsel.

## I.    STATEMENT OF FACTS

Nikola purportedly designs and manufactures battery-electric and hydrogen-electric vehicles, electric vehicle drivetrains, vehicle components, energy storage systems, and hydrogen fueling station infrastructure. ¶ 18.[3] Nikola is incorporated in Delaware and maintains its principal executive offices at 4141 E. Broadway Road, Phoenix, Arizona 85040. The Business Combination of VectoIQ and Nikola closed on June 3, 2020. *Id.* The Company's shares are listed on NASDAQ under the ticker symbol "NKLA" and formerly traded under the ticker symbol "VTIQ" until the merger in June 2020. *Id.*

The complaints in the Actions allege that defendants knowingly and/or recklessly made false and/or misleading statements and/or failed to disclose that: (1) VectoIQ did not engage in proper due diligence regarding its merger with Nikola; (2) Nikola overstated its "in-house" design, manufacturing, and testing capabilities; (3) Nikola overstated its hydrogen production capabilities; (4) as a result, Nikola overstated its ability to lower the cost of hydrogen fuel; (5) defendant Trevor Milton ("Defendant Milton") tweeted a misleading "test" video of the Company's Nikola Two truck; (6) the work experience and background of key Nikola employees, including Defendant Milton, had been overstated and obfuscated; (7) Nikola did not have five Tre trucks completed; and (8) as a result, defendants' public statements were materially false and/or misleading at all relevant times. ¶ 82.

The truth first emerged on September 10, 2020 when, before market hours, Hindenburg Research published a report describing, among other things, how: (i) the Company claims to design key components in house, but they appear to simply be buying or licensing them from third-parties; (ii) the Company has not produced hydrogen; (iii) a spokesman for Powercell AB, a hydrogen fuel cell technology company that formerly

---

[3]    All paragraph references are to the complaint in the *Holzmacher* action. ECF No. 1.

partnered with Nikola, called Nikola's battery and hydrogen fuel cell claims "hot air"; (iv) Nikola staged a "test" video for its Nikola Two; (v) some of Nikola's team, including Nikola's Chief Executive Officer, Defendant Milton, are not experts and do not have relevant experience; and (vi) Nikola did not have five Tre trucks completed. ¶ 83.

On this news, Nikola's stock price plummeted, closing at $32.13 on September 11, 2020, down approximately 24% over two days from its September 9, 2020 closing price of $42.37 per share. ¶ 84.

Then, on September 20, 2020, Nikola issued a press release entitled "Nikola Board of Directors Announces Leadership Transition: Trevor Milton Steps Down as Executive Chairman; Stephen Girsky Appointed Chairman of the Board[.]" Upon information and belief, Defendant Milton was forced out of the Company due to his involvement in the fraud. ¶ 85.

On this news, the price of securities of Nikola plummeted in pre-market trading, from closing at $34.19 per share on September 18, 2020 to closing at $27.58 per share on September 21, 2020, a drop of $6.61 per, or nearly 20%. ¶ 86.

On October 15, 2020 and October 16, 2020, defendant Mark A. Russell ("Defendant Russell") indicated in several interviews that Nikola's partnership with GM could fall through. For example, Defendant Russell stated "We have the ability and we have a base plan of doing it ourselves. If we have a partner, that just enables us to consider going faster and helps reduce the risk," he said. "We've proven that over the years that we are a partnership company when those things are available to us." ¶ 87.

On this news, Nikola stock price fell approximately 16% from $23.30 per share at close on October 15, 2020 to $19.55 per share at close on October 16, 2020. ¶ 88.

Through the Action, the Investor Group seeks to recover for itself and absent Class members the substantial losses that were suffered as a result of defendants' false and misleading statements.

4

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co*., 995 F.2d 346, 350 (2d Cir. 1993) (*citing Johnson v. Celotex Corp*., 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig*., 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.,* No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact and law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants.  The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of Nikola securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged.  Consolidation of the Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.,* 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation

1   is particularly appropriate in the context of securities class actions where the complaints are

2   based on the same statements and the defendants will not be prejudiced).

3      **B.      The Investor Group Should Be Appointed To Lead The Class**

4          The PSLRA governs the appointment of a Lead Plaintiff for "each private action

5   arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the

6   Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-

7   4(a)(3)(B).

8          Under the PSLRA, the Court is to consider any timely motion made by class

9   members and is to appoint as Lead Plaintiff the movant that the Court determines to be

10  "most capable of adequately representing the interests of class members . . . ."  15 U.S.C.

11  §§ 78u-4(a)(3)(B)(i). The Court's determination is to be based on the PSLRA's rebuttable

12  presumption that the "most adequate plaintiff" is the person who (1) has filed the complaint

13  or made a timely motion for lead plaintiff, (2) possesses the largest financial interest in the

14  litigation, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15

15  U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's

16  competitive process for determining the "most adequate plaintiff"); *Schriver v. Impac*

17  *Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *2-3 (C.D.

18  Cal. May 2, 2006).

19         Once it is determined who among the movants seeking appointment as Lead

20  Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof

21  by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately

22  protect the interests of the class; or (bb) is subject to unique defenses that render such

23  plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-

24  4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *Schriver*, 2006 WL 6886020, at

25  *2 (same).

26         The Investor Group meets these requirements and should therefore be appointed

27  Lead Plaintiff.

28
                                          6

### 1.   This Motion is Timely

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Daniel Borteanu published notice of the lead plaintiff deadline via *Business Wire* on September 15, 2020. *See* Ex. B; *see also Fragala v. 500.com*, No. CV 15-01463 MMM (Ex), 2015 WL 12513580, at *6 (C.D. Cal. July 7, 2015) (finding publication in *Business Wire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, i.e., on or before November 16, 2020.[4] *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, the Investor Group's motion is timely filed.

Additionally, pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(2), the Investor Group timely signed and submitted the requisite certifications, identifying all of the relevant transactions in Nikola securities during the Class Period, and detailing its suitability to serve as Lead Plaintiff in this case. *See* Ex. C. Therefore, the PSLRA's procedural requirements have been met.

### 2.   The Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant possesses the largest financial interest in the relief sought, courts in this Circuit and nationwide typically look to four factors in the inquiry: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Richardson v. TVIA, Inc.*, No. 06 06304 RMW, 2007 WL

---

[4] Given that the 60th day fell on a Saturday, November 14, 2020, Fed. R. Civ. P. 6(a)(1)(C) extends the deadline to Monday, November 16, 2020.

1129344, at *3 (N.D. Cal. Apr. 16, 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).  Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant.  *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson*, 2007 WL 1129344, at *4 ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Overall, during the Class Period, the Investor Group purchased 4,930 net shares and 121,113 total shares of Nikola common stock, expended $1,431,905.94 in net funds and suffered losses of approximately $1,332,589.97.  *See* Ex. C. To the best of its counsels' knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, the Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Investor Group Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

"'Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Here, the Investor Group's claims are clearly typical of the Class's claims.  The Investor Group purchased Nikola stock during the Class Period at prices that were allegedly artificially inflated by defendants' misrepresentations and sustained monetary damages as a result. *See* Ex. C; *see Lloyd*, 2011 WL 13128303, at *6 ("The typicality requirement thus appears to be satisfied because the Fund's claims arise

from the same event[s] or course of conduct that gives rise to the claims of other class members, and are based on the same legal theory." (internal quotation marks omitted)).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if qualified and competent counsel represent the proposed representative, and the proposed representative's interests are not antagonistic to the interests of absent class members. *See In re N. Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982); *see also Lloyd*, 2011 WL 13128303, at *6.

As evidenced by the representations in its certification, the Investor Group's interests are perfectly aligned with the Class and there are no conflicts. *See Kearney v. Hyundai Motor Am.*, No. SACV 09-1298-JST (MLGx), 2012 WL 13049699, at *6 (C.D. Cal. Dec. 17, 2012); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other ground by Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011).

Additionally, as explained below in Section III.C, the Investor Group has selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class.  Consequently, the Investor Group is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

### C.    The Court Should Accept The Investor Group's Selection Of The Faruqi Firm As Lead Counsel And The DeConcini Firm As Liaison Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Investor Group has selected Faruqi & Faruqi, LLP as Lead Counsel. *See* Ex. D.

The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014)

9

(appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained preliminary approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class,

10

secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-CV-1068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions.  *See, e.g., Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar. *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA. Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

Further, the Investor Group requests that the DeConcini Firm be appointed Liaison Counsel. The DeConcini Firm has extensive experience litigating and serving as liaison counsel in all manner of civil and commercial cases in state and federal courts throughout Arizona. *See* Ex. F. Gary F. Urman, who will serve as local liaison counsel to the Faruqi Firm, is a shareholder in the DeConcini Firm and has practiced general civil and commercial litigation in Arizona since 1987. The DeConcini Firm maintains offices in Phoenix and Tucson and offers state- of-the-art resources for communication, document

---

[5]     *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business (renewal pending)).

1  control, research and litigation support to allow for efficient local assistance to the Lead

2  Counsel. *See id.*

3                                    **CONCLUSION**

4         For the foregoing reasons, the Investor Group respectfully requests that the Court

5  (1) consolidate the above-captioned Actions; (2) appoint the Investor Group as Lead

6  Plaintiff; (3) approve its selection of the Faruqi Firm as Lead Counsel and the DeConcini

7  Firm as Liaison Counsel; and (4) grant such other relief as the Court may deem just and

8  proper.

9

10  Dated: November 16, 2020          By: */s/ Gary F. Urman*
                                         Gary F. Urman
11

12                                     **DECONCINI MCDONALD YETWIN &**
                                       **LACY, P.C.**
13                                     2525 East Broadway, Suite 500
                                       Tucson, Arizona 85716
14                                     Telephone:520-322-5000
                                       Facsimile: 520-322-5585
15                                     Email: gurman@dmyl.com

16                                     *Attorneys for Proposed Lead Plaintiff DeKalb*
                                       *County Pension Fund and Proposed Liaison*
17                                     *Counsel for the Class*

18

19                                     Lubna Faruqi (*Pro hac vice* forthcoming)
                                       Robert W. Killorin (*Pro hac vice* forthcoming)
20                                     James M. Wilson, Jr. (*Pro hac vice*
                                       forthcoming)
21                                     **FARUQI & FARUQI, LLP**
                                       685 Third Avenue, 26th Floor
22                                     New York, NY 10017
                                       Telephone: 212-983-9330
23                                     Facsimile: 212-983-9331
                                       Email:
24                                           lfaruqi@faruqilaw.com
                                             rkillorin@faruqilaw.com
25                                           jwilson@faruqilaw.com

26                                     *Attorneys for [Proposed] Lead Plaintiff and*
                                       *[Proposed] Lead Counsel for the Class*
27

28
                                          13